## 9948  '

### STATE v. DUNCAN.

#### (96 S. E. 294.)

1. DIVORCE—TEMPORARY ABSENCE TO PROCURE.—Under Const., art. XVII, sec. 3, providing divorce shall not be allowed in State, where citizen of South Carolina went to Georgia and procured there a divorce, serving his wife only by publication, and immediately returned and married another woman, the Georgia divorce would not be recognized in South Carolina.

2. DIVORCE—GRANT BY OTHER STATE.—Courts of South Carolina, without careful investigation and scrutiny, will not recognize divorce granted by another State to one who has been citizen of South Carolina and comes back to· State after obtaining divorce in such other State.

3. DIVORCE—GRANT BY OTHER STATE—PERSONAL SERVICE.—A divorce granted in another State to a citizen of South Carolina will not be recognized in South Carolina, unless the other spouse was personally served in the State in which the divorce was granted, thereby conferring jurisdiction of the Court over his or her rights.

Before MOORE, J., Greenville, Fall term, 1916.    Affirmed.

Sam Duncan and Eliza Coster, *alias* Eliza Duncan, were convicted of adultery, and they appeal.

*Mr. Jas. H. Price,* for appellants, cites: *As to error in ruling out the records of the divorce granted in Georgia:* 76 S. C. 149.

*Mr. Solicitor J. Robert Martin,* for State-respondent (oral argument).

April 18, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendants were convicted of adultery, at the Greenville term of Court, September, 1916, and sentenced by Judge Moore. The defendants appeal, and by two exceptions impute error on the part of his Honor.

Both exceptions practically raise the same question, and impute error to the presiding Judge in ruling out the records of the divorce granted in the State of Georgia. It appears from the evidence that Sam Duncan was a citizen of this State and married a woman a citizen of this State; that they separated, and Sam Duncan took up with and lived in adultery with codefendant. Later they were indicted and convicted of adultery. Sentence was suspended during good behavior. Duncan then went to the State of Georgia, and procured from the Courts of that State a divorce, and immediately came back and married his codefendant. The lawful wife testified that she was not personally served with summons and complaint, and that she had not been in Georgia. There was evidence that Mrs. Duncan had been served by publication.

Article XVII, section 3, of the Constitution of this State, says: "Divorce from the bonds of matrimony shall not be allowed in this State."

Full force and effect must be given to this. It means that when a citizen of this State marries in this State the bonds of matrimony cannot be dissolved, and as long as he remains a citizen of this State he cannot temporarily absent himself from the State, and pretensively as a citizen of another State obtain a divorce, and when he obtains it re-marry and come back, or come back and re-marry, and outrage and violate the law of this section. If he is dissatisfied with his marriage, he can remove to another State, obtain his divorce and re-marry, and stay out of the State; but he cannot leave for the purpose simply of obtaining a divorce and with the intent in his mind at that time of returning after he obtains the divorce. If he *bona fide* leaves the State with no intent of returning at that time, and it is his *bona fide* intent to become a citizen of another State and permanently remove from this State, then a different question might be presented.

The Courts of this State will not recognize a divorce granted by another State to one who has been a citizen of this State, who comes back in the State after obtaining the divorce, without careful investigation and scrutiny.

Whether or not there was collusion and connivance between the husband and wife, in order that the divorce might be granted, is a question to be determined under all the facts and circumstances of each case. In no case will the divorce be recognized, unless the defendant has been personally served in the State in which the divorce is granted, thereby conferring jurisdiction of the Court over the party whose rights are sought to be affected.

The Courts of Georgia could not grant the divorce against Mrs. Duncan, a citizen of South Carolina, unless she was personally served in the State of Georgia. A service by publication was not sufficient in the case of *McCreery v. Davis,* 44 S. C. 198, 22 S. E. 178, 28 L. R. A. 655, 51 Am. St. Rep. 794. The late lamented Justice Pope has by an elaborate, full, careful, and learned opinion exhaustively commented on the status of divorces as made by the laws of this State.

We see no error on the part of his Honor as complained of. The exceptions are overruled.

Judgment affirmed.

Mr. Chief Justice Gary and Messrs. Justices Fraser and Gage concur.

Mr. Justice Hydrick concurs in the result.